No. 25-11504

# United States Court of Appeals
*for the*
# Eleventh Circuit

OASIS CAPITAL, LLC,

*Plaintiff-Appellant,*

– v. –

NASON, YEAGER, GERSON, HARRIS & FUMERO, P.A.,
BRIAN S. BERNSTEIN, ESQ.,

*Defendants-Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(HONORABLE AILEEN CANNON)

## REPLY BRIEF OF PLAINTIFF-APPELLANT

EVAN LOUIS FRANK
ALAN L. FRANK LAW ASSOCIATES, PC
135 Old York Road
Jenkintown, Pennsylvania 19046
(215) 935-1000

*Counsel for Plaintiff-Appellant*

COUNSEL PRESS (800) 4-APPEAL • (387614)

## U.S. COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT (CIP)

Oasis Capital, LLC *vs.* Nason Yeager Gerson Harris & Fumero, P.A. et al Appeal No. 25-11504

11th Cir. R. 26.1-1(a) requires the appellant or petitioner to file a Certificate of Interested Persons and Corporate Disclosure Statement (CIP) with this court within 14 days after the date the case or appeal is docketed in this court, and to include a CIP within every motion, petition, brief, answer, response, and reply filed. Also, all appellees, intervenors, respondents, and all other parties to the case or appeal must file a CIP within 28 days after the date the case or appeal is docketed in this court. **You may use this form to fulfill these requirements.** In alphabetical order, with one name per line, please list all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, any publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party. ***(Please type or print legibly)***:

Alan L. Frank Law Associates, P.C.

Bernstein, Brian S.

Cole, Scott & Kissane P.A.

Frank, Alan L.

Frank, Evan L.

Goldstein, Jeremy

Long, Adam

LSS Law

Maldonado, Sheena

Nason Yeager Gerson Harris & Fumero, P.A.

Postman, Barry

Shelomith, Zach B.

Vine, Jonathan

Submitted by:

Signature: /s/ Evan L. Frank

Name: Evan L. Frank, Esq. Prisoner # (if applicable): ______

Address: 135 Old York Road, Jenkintown, PA 19046

Telephone #: 215-935-1000

# TABLE OF CONTENTS

**Page:**

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT

TABLE OF AUTHORITIES ........................................................................... ii

A. Argument ..........................................................................................1

B. Conclusion .......................................................................................4

CERTIFICATE OF COMPLIANCE.........................................................5

CERTIFICATE OF FILING AND SERVICE...........................................6

## TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*Allen v. Lefkoff, Duncan, Grimes & Dermer P.C.*,
265 Ga. 374, 453 S.E.2d 719 (1995) .................................................................3

*Cohen v. Kachroo*,
115 A.D.3d 512, 981 N.Y.S.2d 711 (App. Div. 1st Dept. 2014)...........................3

*Cox-Ott v. Barnes & Thornburg, LLP*,
321 Ga. 688 (2025) ..........................................................................................2

*JBJ Inv. v. Southern Title Grp.*,
251 So. 3d 173 (4th DCA 2018) ......................................................................2

*Nettleton v. Stogsdill*,
387 Ill. App. 3d 743 (2008)..............................................................................3

*Owens v. McDermott*,
316 Ill. App. 3d 340, 249 Ill. Dec. 303, 736 N.E.2d 145 (2000)..........................3

*Schmidt v. Burner*,
202 A.D.3d 1117 (N.Y. App. Div. 2d Dept. 2022)................................................3

## A. Argument

Appellees argue extensively that Florida law applies (Appellees' Br. – pg 19-24), even though Appellant's Brief does not argue otherwise. It is true that Oasis raised both alternative arguments on summary judgment: either 1) New York law should apply (Doc 132 – pg 1-2 and 6-9), or 2) if Florida law applies, Florida courts would require the attorney to file a UCC-1 financing statement (id., – pg 2 and 9-11). The District Court held that Florida substantive law applied (Doc. 190, pg 8-10), and Oasis has not challenged that determination on appeal.

Given that the parties agree Florida substantive law applies, the question is what Florida law actually is with respect to a lawyer's duty to file a UCC-1 financing statement for a client's secured loan. Oasis cited out-of-state authorities and pointed out that every single decision on the issue has held that an attorney must file a UCC-1 financing statement for a client's secured loan. Appellant Br. – pg 22-26. Appellees only mention these persuasive authorities once (Appellees' Br. – pg 25), and Appellees do not cite any decisions going the other way.

Appellees acknowledge that certification would be appropriate if Florida law were silent on the issue (Appellees' Br. – pg 30). But Appellees argue that Florida law can already be reasoned from Florida case law identifying the elements of a legal malpractice claim ("… the Florida Supreme Court has spoken to the *opposite* of Oasis' offered out-of-state authorities by identifying the elements required for a

professional malpractice claim …", Appellees' Br. – pg 26) and Florida case law that violating a bar rule is not per se malpractice (id., pg 27-28).

Appellees never explain why they contend that Florida law identifying the elements of legal malpractice counsels against requiring an attorney to file a UCC-1 financing statement. Logically, this point does not hold up because Florida has the same elements as Georgia, New York, and Illinois, yet the latter three states all require an attorney to file a UCC-1 financing statement. In Florida, the elements of a legal malpractice claim are "(1) the attorney's employment by the client; (2) the attorney's neglect of a reasonable duty; and (3) the attorney's negligence was the proximate cause of loss to the client." *JBJ Inv. v. Southern Title Grp.*, 251 So. 3d 173, 177 (4th DCA 2018). In Georgia, the elements are "(1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill, and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff." *Cox-Ott v. Barnes & Thornburg, LLP*, 321 Ga. 688, 690 (2025). The second elements have slightly different verbiage because Georgia law speaks to "failure … to exercise ordinary care" while Florida speaks to "neglect of a reasonable duty". But these are one and the same because Georgia law defines the second element as one of breach of duty. "We are concerned here with the second element — the attorney's failure to exercise ordinary care, skill, and diligence — that is, the element of breach of duty." *Id.* The New York elements are phrased

slightly differently in only two elements, but they are essentially the same as Florida law: "(1) the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and (2) the attorney's breach of this duty proximately caused the plaintiff to sustain actual and ascertainable damages". *Schmidt v. Burner*, 202 A.D.3d 1117, 1119 (N.Y. App. Div. 2d Dept. 2022). The Illinois elements are also essentially the same as the Florida elements, with slightly different wording: "(1) the defendant attorney owed the client a duty of due care arising from the attorney-client relationship, (2) the defendant breached that duty, (3) as a proximate result, the client suffered injury." *Nettleton v. Stogsdill*, 387 Ill. App. 3d 743, 748 (2008).

Appellees next argue that Oasis' proposed holding would be inconsistent with Florida's rule that a violation of the bar rules is not per se malpractice. Appellees' Br. – pg 27-28. However, Georgia, New York, and Illinois have the same rule as Florida – a violation of a bar rule is not per se malpractice. *Owens v. McDermott*, 316 Ill. App. 3d 340, 353, 249 Ill. Dec. 303, 315, 736 N.E.2d 145, 157 (2000); *Cohen v. Kachroo*, 115 A.D.3d 512, 513, 981 N.Y.S.2d 711, 713 (App. Div. 1st Dept. 2014); *Allen v. Lefkoff, Duncan, Grimes & Dermer P.C.*, 265 Ga. 374, 374, 453 S.E.2d 719, 720 (1995).

All four states require the same elements for a legal malpractice claim (albeit with slightly different wording) and all four states do not equate a violation of their

bar rules with per se malpractice. Since Florida law is the same as the other states on these points, they are not a reason for Florida to have a different rule from every other state whose courts have addressed the UCC-1 issue.

## B. Conclusion

Every decision cited by either side requires an attorney to file a UCC-1 financing statement for a client's secured loan. The Florida case law cited by Appellees for why Florida might adopt a different rule is in fact the same as the case law in the states that require an attorney to file a UCC-1. The Court should either hold that Florida courts would follow the decisions of every other court to address the issue or certify the question to the state Supreme Court.

Respectfully submitted,

*/s/ Evan Louis Frank*
Evan Louis Frank
ALAN L. FRANK LAW ASSOCIATES, PC
135 Old York Road
Jenkintown, Pennsylvania 19046
(215) 935-1000

*Counsel for Plaintiff-Appellant*

**CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i) because:

   this brief contains 895 words, excluding those parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word in Times New Roman, 14-point.

*/s/ Evan Louis Frank*

Evan Louis Frank
ALAN L. FRANK LAW ASSOCIATES, PC
135 Old York Road
Jenkintown, Pennsylvania 19046
(215) 935-1000

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on December 1, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished using the appellate CM/ECF system.

*/s/ Evan Louis Frank*
Evan Louis Frank
ALAN L. FRANK LAW ASSOCIATES, PC
135 Old York Road
Jenkintown, Pennsylvania 19046
(215) 935-1000

*Counsel for Plaintiff-Appellant*